# In the United States Court of Federal Claims

No. 21-1377C

(Filed: June 25, 2021)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| GREGORY JOSEPH PODLUCKY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Sua Sponte Dismissal for Lack of Subject-Matter Jurisdiction; RCFC 12(h)(3). |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

ORDER OF DISMISSAL

On May 17, 2021, plaintiff filed a pro se complaint, ECF No. 1, and a motion to proceed in forma pauperis, ECF No. 2, in this case. Because the court lacks jurisdiction over the claims made in plaintiff's complaint, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) sua sponte. See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I. Background

In his complaint, plaintiff alleges that defendant failed to return to him personal property that was seized during the execution of several search warrants in November 2006 and January 2007. See ECF No. 1 at 3. Plaintiff further alleges that, as part of a plea agreement to which he was a party, defendant agreed to return to plaintiff 374 of the seized items. See id. The plea agreement was executed by the parties on June 15, 2011, and was accepted by the district court judge on June 20, 2011. See id. Plaintiff made a series of unsuccessful requests for return of the times throughout 2012 and 2013, see id. at 4, with the most recent request alleged in the complaint made "[o]n or about January 23, 2013," id. at 5.

Plaintiff alleges that defendant's failure to return the seized items is a breach of the plea agreement and a breach of the implied covenant of good faith and fair dealing. See id. at 8. As a remedy, plaintiff requests that the court direct defendant to return the seized items, and "[i]f the [seized items] are not available for said returning then the cost basis of $4,809,894 of the [seized items] as stated herein be ordered tendered to [plaintiff]." Id. at 9.

II. Legal Standards

A. Pro Se Litigants

The court acknowledges that plaintiff is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint thoroughly to discern all of plaintiff's claims and legal arguments.

B. Jurisdiction

This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

Because the Tucker Act "does not create any substantive right enforceable against the United States for money damages," United States v. Testan, 424 U.S. 392, 398 (1976), a plaintiff asserting a claim before this court "must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages" against the United States. Khan v. United States, 201 F.3d 1375, 1377-78 (Fed. Cir. 2000)); see also Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.").

III. Analysis

    A. The Court Lacks Subject Matter Jurisdiction in this Case

As an initial matter, it is not clear that plaintiff's claims fall within this court's statute of limitations. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. As the United States Court of Appeals for the Federal Circuit has explained:

> A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.

Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (citations omitted).

The plea agreement that plaintiff alleges was breached when defendant failed to return the seized items was executed on June 15, 2011. See ECF No. 1 at 3, ECF No. 1-3 at 10. The most recent request that defendant return the items, as recited in the complaint, was made "[o]n or about January 23, 2013." Id. at 5. Neither the complaint nor the plea agreement appear to specify when defendant was obligated to return the seized items, but assuming that obligation had arisen by the time plaintiff made his most recent reported request that defendant do so, that request was made more than eight years before the instant complaint was filed. Thus, any claim to enforce that obligation would be out of time.

Moreover, even if plaintiff's claims fall within the court's statute of limitations, this court has no jurisdiction to consider plaintiff's request that defendant return his items. Plaintiff is, essentially, asking the court to order defendant to specifically perform its obligations under the contract. But a request for specific performance is equitable in nature, and falls outside this court's jurisdiction. See Smalls v. United States, 87 Fed. Cl. 300, 307 (2009) (stating that outside of the bid protest context, "the Tucker Act does not authorize the Court of Federal Claims to order equitable relief such as specific performance") (citing Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000)); Blackwell v. United States, 23 Cl. Ct. 746, 750 (1991) ("The claims court does not have jurisdiction over claims for specific performance.") (citing United States v. King, 395 U.S. 1, 3-4 (1969)).

Plaintiff does include an alternative request for monetary damages, but that request is contingent on a finding that the seized items are unavailable for return. See ECF No. 1 at 9. Because the court lacks jurisdiction to determine whether the items are available for return, the court cannot make the required predicate determination before addressing the

3

request for monetary damages. Accordingly, the court is not authorized to consider plaintiff's claims.

B.      Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631. "Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

The court has already determined that it lacks jurisdiction over plaintiff's claims. The allegedly breached plea agreement was executed in the Western District of Pennsylvania. As such, it appears that the United States District Court for the Western District of Pennsylvania would be the appropriate forum, if transfer were warranted. The seized items, however, appear to be the subject of a pending forfeiture suit filed in in the District Court for the Western District of Pennsylvania. See United States v. Various Items of Jewelry, 12-cv-1171 (W.D. Pa.). Plaintiff has filed a claim in that case in which he alleges that "[t]he failure of the United States to HONOR the terms and conditions of the Plea Agreement dated June 15, 2011 by returning the 'certain personal pieces' as agreed has caused a material breach of the Plea Agreement dated June 15, 2011." See Various Items of Jewelry, ECF No. 5 at 1. Because the district court is already considering the proper fate of the seized items, and because plaintiff has already raised his breach of contract theory in that case, a transfer would result in duplicative litigation before the district court and would not serve the interests of justice.

IV.     Conclusion

Accordingly, for the foregoing reasons:

(1)     Plaintiff's application to proceed in forma pauperis, ECF No. 2, is **GRANTED** for the limited purpose of determining this court's jurisdiction; and

4

(2)  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH,
Judge