# In the United States Court of Federal Claims

No. 21-1377C

(Filed: July 23, 2021)

**NOT FOR PUBLICATION**

| | |
|---|---|
| GREGORY JOSEPH PODLUCKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Motion for Reconsideration; |
| v. ) | RCFC 59(a). |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER</u>

On July 6, 2021, plaintiff filed a motion for reconsideration of this court's June 25, 2021 order dismissing this case. <u>See</u> ECF No. 9 (motion for reconsideration); ECF No. 7 (June 25, 2021 order of dismissal). For the following reasons, plaintiff's motion for reconsideration is **DENIED**.

I. Background

In his complaint, plaintiff alleged that defendant failed to return to him personal property that was seized during the execution of several search warrants in November 2006 and January 2007. <u>See</u> ECF No. 1 at 3. As a remedy, plaintiff requested that the court direct defendant to return the seized items, and "[i]f the [seized items] are not available for said returning then the cost basis of $4,809,894 of the [seized items] as stated herein be ordered tendered to [plaintiff]." <u>Id.</u> at 9.

On June 25, 2021, the court dismissed the case for lack of jurisdiction, explaining that this court does not have the authority to consider requests for specific performance. <u>See</u> ECF No. 7 at 3 (June 25, 2021 order of dismissal citing <u>Smalls v. United States</u>, 87 Fed. Cl. 300, 307 (2009) (stating that outside of the bid protest context, "the Tucker Act does not authorize the Court of Federal Claims to order equitable relief such as specific performance"); <u>Blackwell v. United States</u>, 23 Cl. Ct. 746, 750 (1991) ("The claims court

does not have jurisdiction over claims for specific performance.")).  The court also noted that it was "not clear that plaintiff's claims fall within this court's statute of limitations," but did not dismiss the case on that basis.  See id.

Plaintiff now seeks reconsideration for two reasons.  First, he argues that the statute of limitations was tolled.  See ECF No. 9 at 1.  Second, he seeks to amend his complaint as follows:  "Plaintiff hereby clarifies plaintiff's STATEMENT OF THE CLAIM for claiming monetary damages for $4,809,894 abandoning the request for specific performance."  Id. at 3.

II.     Legal Standards

Rule 59(a) governs a motion for reconsideration, and provides that rehearing or reconsideration may be granted:  "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)).  Motions for reconsideration must be supported "'by a showing of extraordinary circumstances which justify relief.'"  Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (2000)).  Such a motion, however, "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court."  Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

III.    Analysis

In his motion for reconsideration, plaintiff gives two discrete reasons for his request that the court reconsider its previous decision, neither of which satisfy the requirements of RCFC 59(a).  With regard to the first reason—that the statute of limitations should be tolled—the court did not dismiss the case on the basis that the claims fell outside the statute of limitations.  See ECF No. 9 at 1.  As such, even

assuming tolling is appropriate, this argument has no bearing on the operative reasoning in the court's order of dismissal.

Plaintiff then urges the court to reconsider its previous order because he has decided to pursue monetary damages and "abandon[ ] the request for specific performance." Id. at 3. Plaintiff's decision to revise his requested relief in an attempt to avoid dismissal for lack of subject matter jurisdiction simply does not constitute an "intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." Biery, 818 F.3d at 711 (internal quotation marks and citation omitted). It also does not present "extraordinary circumstances which justify relief." Caldwell, 391 F.3d at 1235 (internal quotation marks and citation omitted). A motion for reconsideration is an inappropriate means for plaintiff to attempt to amend a complaint that has already been dismissed.

IV.     Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration, ECF No. 9, is **DENIED**.

IT IS SO ORDERED.

                                                         s/*Patricia E. Campbell-Smith*
                                                        PATRICIA E. CAMPBELL-SMITH,
                                                        Judge